United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims, Series LLC, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 17-23752-Civ-Scola ) |
| Indemnity Insurance Company of North America, Defendant. | ) ) |

## Order Granting Leave to Amend

Plaintiff MSP Recovery Claims, Series LLC seeks leave from the Court to amend its complaint. The Defendant opposes the motion for two reasons. First, the Defendant asserts that the Plaintiff's certification regarding its attempt to confer with the Defendant is false. Second, the Defendant asserts that the proposed First Amended Complaint contains redactions, which are improper because the Plaintiff did not file an unredacted version under seal.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments." *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). The Supreme Court has held that leave should be freely given absent factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Court first notes that the Plaintiff's request for leave to amend is timely under the Scheduling Order. The Plaintiff admits that it did not in fact send a copy of the proposed amended complaint to the Defendant as represented in the pre-filing conference certification. (Reply 2, ECF No. 25.) However, the Defendant has not asserted any substantive objections to the proposed amended complaint, nor has it asserted that it will suffer undue prejudice if the Court allows the amendment. With respect to the Defendant's assertions concerning the redactions in the proposed amended complaint, the Defendant is correct that the Plaintiff should have filed an unredacted copy of the proposed amended complaint under seal. However, the only redactions are in the exhibits to the proposed amended complaint, and are limited to member names and identification numbers. Although the Defendant asserts that it would need the

redacted information in order "to offer an informed and merits-based position on the Motion to Amend," it is unclear to the Court why the member names and identification numbers are necessary for the Defendant to evaluate the proposed amended complaint, particularly in light of the fact that none of the factual allegations are redacted.

Although the Defendant has correctly pointed out two serious flaws in the Plaintiff's motion, the Defendant's complaints do not demonstrate that the Plaintiff acted with undue delay, bad faith or dilatory motive, or that the Defendant will be unduly prejudiced by virtue of allowance of the amendment. In light of the policy of liberally permitting amendments, the Court **grants** the motion to amend (**ECF No. 22**). The Plaintiff must file the amended complaint as a separate docket entry on or before **January 18, 2018**, and must properly seek leave to file unredacted copies of the exhibits under seal. In light of the forthcoming amended complaint, the Court **denies as moot** the Defendant's motion to dismiss (**ECF No. 11**). *See Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008) (noting that when the plaintiffs amended their complaint the defendants' motion to dismiss became moot).

The Plaintiff should not interpret the Court's ruling as permission to flaunt the Local Rules. The Plaintiff must carefully review future representations to the Court concerning communications with opposing counsel, and must make good-faith efforts to confer with opposing counsel prior to filing future motions. The Court cautions the Plaintiff that last-minute emails sent to opposing counsel do not constitute a good-faith attempt at conferral. In addition, the Court cautions the Plaintiff that it must carefully follow the requirements of the Local Rules concerning motions to seal. Future violations of the Local Rules may result in sanctions.

**Done and ordered**, at Miami, Florida, on January 16, 2018.

_____
Robert N. Scola, Jr.
United States District Judge